UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cr-21 |
| DEMETRIUS BRINKLEY and PARONICA BONDS, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Relief from Prejudicial Joinder [DE 188] filed by the defendant, Demetrius Brinkley, on January 14, 2019, and the Motion for Severance [DE 193] filed by the defendant, Paronica Bonds, on January 17, 2019. For the following reasons, the Motion for Relief from Prejudicial Joinder [DE 188] is **GRANTED,** and the Motion for Severance [DE 193] is **GRANTED.**

*Background*

A superseding indictment was returned on May 16, 2019. The defendants, Demetrius Brinkley and Paronica Bonds, along with six other codefendants, are charged in Count 1 with conspiracy to distribute and possess with intent to distribute crack cocaine and heroin, in violation of 21 U.S.C. § 846. Brinkley and Bonds were arraigned on June 3, 2019, and they both entered pleas of not guilty.

In the fifteen count superseding indictment, Brinkley and Bonds only are charged in the general conspiracy alleged in Count 1 to distribute and possess with intent to distribute controlled substances. They are not charged in the other fourteen counts which allege distribution of crack cocaine and heroin (Counts 2-8, 10, 11); possession of a firearm by a felon

(Count 9); murder while engaged in a narcotics conspiracy (Counts 12, 13); and possession of a firearm in furtherance of a drug-trafficking crime (Counts 14, 15).

The court found this case to be complex in issuing the case management deadlines because of the volume of discovery. The majority of the charges in the superseding indictment are against codefendants, Teddia Caldwell, Devonte Hodge, Devontae Martin, and Taquan Clarke. The charges against Caldwell, Hodge, Martin, and Clarke carry the potential death penalty. The Government filed a Notice of Intent Not to Seek the Death Penalty against Defendants Devonte Hodge, Devontae Martin, and Taquan Clarke on July 19, 2019. [DE 300]. However, the Department of Justice has not yet determined whether it intends to seek the death penalty against Caldwell.

Brinkley and Bonds have filed motions under Federal Rule of Criminal Procedure 14(a) requesting that their trials be severed from the remaining codefendants. The Government filed a response in opposition on February 4, 2019. Brinkley and Bonds did not file a reply.

*Discussion*

**Federal Rule of Criminal Procedure 8(b)** provides that an indictment may charge "2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "[T]here is a presumption that participants in a conspiracy or other criminal schemes should be tried together, not only to economize on judicial and prosecutorial resources but also to give the jury a fuller picture of the scheme." **United States v. Cardena,** 842 F.3d 959, 980-81 (7th Cir. 2016) (quoting **United States v. Phillips,** 239 F.3d 829, 838 (7th Cir. 2001)).

However, **Federal Rule of Criminal Procedure 14(a)** recognizes that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to

prejudice the defendant or the government, the court may . . . sever the defendants' trials."  The Supreme Court has held that, although the issue is committed to the sound discretion of the trial court, severance is generally appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  ***Zafiro v. United States*,** 506 U.S. 534, 539 (1993).

District judges have "wide discretion in determining when the prejudice of joinder outweighs the benefits of a single trial."  ***United States v. Carrillo*,** 435 F.3d 767, 778 (7th Cir. 2006).  "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, [the] risk of prejudice is heightened."  ***Zafiro*,** 506 U.S. at 539; *see also* ***United States v. Jett*,** 908 F.3d 252, 276 (7th Cir. 2018) ("The risk of prejudice is heightened when a defendant is distinctly less culpable than his codefendants.").  Furthermore, severance also may be appropriate in cases where there are large disparities in the amount of evidence being offered against each defendant.  *See* ***Zafiro*,** 506 U.S. at 539 (recognizing that a risk of prejudice "might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant"); *see also* ***United States v. Moya–Gomez*,** 860 F.2d 706, 765 (7th Cir. 1988) ("Denial of a motion for severance may be an abuse of discretion if there is a great disparity of evidence between the moving defendant and his co-defendants.").

Under the facts and circumstances of this case, severance is warranted.  Brinkley and Bonds are charged in a single count of conspiracy.  If tried jointly with the other codefendants, it presents a substantial risk of guilt simply by association, especially considering that the charges against codefendants Caldwell, Hodge, Martin, and Clarke involve murder.  *See* ***Zafiro*,** 506 U.S. at 539 ("For example, evidence of a codefendant's wrongdoing in some circumstances

erroneously could lead a jury to conclude that a defendant was guilty."). The potential disparity of evidence against Brinkley and Bonds relative to the other codefendants may be so significant that to try them together would present a strong risk of prejudice to Brinkley and Bonds. However, judicial economy weighs in favor of trying Brinkley and Bonds with the other remaining codefendant, Victor Young, who also is charged only in Counts 1 and 6 of the superseding indictment.

Based on the foregoing reasons, the Motion for Relief from Prejudicial Joinder [DE 188] is **GRANTED,** and the Motion for Severance [DE 193] is **GRANTED.** The defendants Demetrius Brinkley, Paronica Bonds, and Victor Young are **SEVERED** from codefendants Teddia Caldwell, Devonte Hodge, Devontae Martin, and Taquan Clarke.

The court **REAFFIRMS** the Final Pretrial Conference set for **September 13, 2019 at 1:30 p.m.,** before Magistrate Judge Andrew P. Rodovich, and the Jury Trial for **October 7, 2019 at 9:00 a.m.,** before Chief Judge Theresa L. Springmann as to Demetrius Brinkley, Paronica Bonds, and Victor Young. The court **VACATES** the Final Pretrial Conference and Jury Trial settings as to Teddia Caldwell, Devonte Hodge, Devontae Martin, and Taquan Clarke.

The court **ORDERS** Victor Young to file any objections to this Opinion and Order by **September 13, 2019.**

ENTERED this 10th day of September, 2019.

/s/ Andrew P. Rodovich  
United States Magistrate Judge